**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

REYIM BABAYEV,

               Petitioner,

   v.

               Case No. 26-cv-03158-SRB

KRISTI NOEM, et al.,

               Respondents.

**ORDER**

Before the Court is Petitioner Reyim B..'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner alleges that he is a citizen of Turkmenistan and entered the United States in 2023. Petitioner alleges he subsequently filed an asylum application, has never been arrested, and has no criminal history. Petitioner alleges he was arrested by Immigration and Customs Enforcement officers on March 5, 2026, and that he is currently detained in Springfield, Missouri.

Petitioner alleges his detention is unlawful and seeks habeas relief to be released from custody. Petitioner alleges in part that he is not subject to mandatory detention under 8 U.S.C. § 1225 because "the plain language of § 1225 applies to immigrants currently seeking admission into the United States at the nation's border or another point of entry. It does not apply to noncitizens 'already present in the United States[.]'" (Doc. #1, p. 14.)

In an Order dated March 13, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than March 19, 2026." (Doc. #4, p. 1.) The Order further directed Respondents to state "[w]hether a warrant was issued for Petitioner's arrest, and if so, Respondents shall attach the warrant to their

answer." (Doc. #4, p. 1.) Respondents timely filed a three-page response. Respondents state that "[t]his case presents a simple application of 8 U.S.C. § 1225." (Doc. #7, p. 1.) Respondents argue in part that "[b]ecause [Petitioner] was 'stopped at the border' [in 2023], his detention is governed by Section 1225 and, as such, he is not entitled to a bond hearing and his current detention does not violate either the Immigration and Nationality Act or the United States Constitution." (Doc. #7, pp. 2-3.)

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner because he already entered and was residing in the United States at the time he was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting

2

cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Respondents do not argue the existence of, and have not produced, a warrant directed to Petitioner. Consequently, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225 and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner in Missouri, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 20, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge

3